This Wunderlich Act review case comes before us on the parties’ cross-motions for summary judgment. Plaintiff, by its motion seeks reversal of a decision of the Armed Services Board of Contract Appeals (asbca or board) on the ground that the board committed legal error in its interpretation of certain provisions of the parties’ stipulation and of the original contract. Additionally, plaintiff contends that the board’s causation analysis and decision based thereon is erroneous and unsupported by substantial evidence. Answering, defendant opposes plaintiffs motion on the grounds that the board did not err in its interpretation of the stipulation and the original contract and that its decision is supported by substantial evidence.
*1025 The board rendered its decision in Pacific Architects and Engineers, Inc., asbca No. 21168, 79-2 bca (cch) ¶14,019 (1979) upholding only a minor part of the claim. The board subsequently reaffirmed its decision in the same case when it denied plaintiffs motion for reconsideration at 79-2 bca (cch) ¶14,174.
Upon consideration of the record, the briefs filed herein and of oral argument by counsel, the court determines that the board decision and subsequent denial of plaintiffs motion for reconsideration are not arbitrary or capricious, are not contrary to law, are supported by substantial evidence, and they are therefore binding on the parties here. Since we agree with the board decisions, the court affirms and adopts those opinions, without printing them here as they are already published and readily accessible, together with the following supplemental paragraphs as the basis for our decision.
The contract was for support and logistic service at a U. S. air base in Greece. Excellent relations between that country and the United States at the time of award were during the contract period disrupted by acts of the two governments resulting from the Turkish invasion of Cyprus. This in turn upset plaintiffs relations with its Greek employees, which plaintiff contends added to its cost of performance. The claim is under special provision 28 (SP 28) which provided in pertinent part:
b. In the event the Contractor’s costs of performing required services are increased or decreased by the occurrence of any of the factors listed below, either party shall submit a written request for such price revision * * *. Pending agreement on, or determination of, any such adjustment and its effective date, the Contractor shall continue performance. Contingency factors are:
(1) Acts of the Greek and/or U.S. Government in their sovereign capacity, including
(a) Changes, modifications, amendments and enactments of laws and tariffs. ,
(b) International agreements signed by the Greek/and/or U.S. Government.
(c) Collective bargaining and arbitration awards of competent courts or decisions of administrative bodies having the power to render enforceable decisions.
*1026 Paragraph 37 of the stipulation incorporated by reference SP 28 of the contract. The board decided under said stipulation that plaintiff was only entitled to recovery of increased costs of contract performance directly and proximately caused by sovereign acts of the United States and/or the Greek Government. Paragraph 37 of the stipulation states in pertinent part:
This appeal shall be limited to the issue of entitlement. The Board shall render a decision and judgment on the question of entitlement for Appellant in this appeal if the Board finds one or both of the following:
A. The acts of the United States Government and the Greek Government set forth in paragraphs 3 through 35 hereof were acts of the Greek Government and/or the United States Government in their "sovereign capacity” as that term is used in SP 28 of the Contract * * *. (Emphasis supplied.)
Plaintiff insists here that the board was bound by the stipulation to find in its favor if it found that the acts set forth in paragraphs 3 through 35 were acts of either or both governments in their "sovereign capacity” as the term was used in SP 28 of the contract, whatever it might think about causation.
Although plaintiffs interpretation of the meaning of the stipulation is possible and perhaps even reasonable (as evidenced by the construction placed upon the stipulation by the two dissenting board members), the majority’s interpretation is corréct. The majority apparently read the underscored portion of the above-quoted paragraphs to mean that "the Board shall render a decision and judgment on the question of entitlement [whether or not] for Appellant in this appeal * * *.” This construction is possible and it reserves for the board or subsequently the court, determinations on questions of law. The same cannot be said for plaintiffs interpretation. "[F]or Appellant” could modify "entitlement” or it could modify "decision and judgment.” Plaintiff has it modify the more distant words.
The stipulation by its terms required the board to construe SP 28. The legal effect of contract provisions are without a doubt questions of law for the court to determine. Hegeman-Harris & Co. v. United States, 194 Ct. Cl. 574, 581, 440 F.2d 1009, 1012 (1971). The board determined and we *1027 agree that SP 28 required proof of legal causation in order for plaintiff to recover increased costs of contract performance due to sovereign acts of the governments in question.
It has long been held that "the court cannot be controlled by agreement of counsel on a * * * question of law.” Swift & Co. v. Hocking Valley Railway, 243 U.S. 281, 289 (1917). Citing Swift, we have stated that the Indian Claims Commission, a quasi-judicial body, much as the board here is, correctly refused "to be bound by a stipulation on an issue of law * * *.” Sac and Fox Tribe v. United States, 161 Ct. Cl. 189, 198, 315 F.2d 896, 901, cert. denied, 375 U.S. 921 (1963). Finally, in Hegeman-Harris supra, we stated: "[w]here the subcontracts themselves are part of the record, any stipulation as to their legal effect is not operative. Were we to rule otherwise, this court would be in the position of allowing counsel to stipulate the law, a function which, in the context of a judicial proceeding, is the province of judges.” 194 Ct. Cl. at 581, 440 F.2d at 1012. Special Provision 28 is not materially different in this regard from the "subcontracts” mentioned in the above quotation.
In the light of the foregoing authorities, the parties cannot effectively stipulate the meaning of SP 28 in order to bind the board or this court.
Accordingly, the board’s decisions are affirmed, plaintiffs motion for summary judgment is denied, defendant’s cross-motion is granted, and the petition is dismissed.
Plaintiffs motion for rehearing was denied July 16,1982.